**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gualberto BAHENA–CARRENO,**
**Defendant–Appellant.**

**No. 11–50160.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 17, 2012.*

Filed June 4, 2012.

Bruce R. Castetter, Assistant U.S., Daniel Earl Zipp, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

James Fife, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

### ORDER

We replace the memorandum disposition, filed January 27, 2012, with a new memorandum disposition filed contemporaneously herewith. As amended, Gualberto Bahena–Carreno's petition for panel rehearing is denied. No further petitions for rehearing shall be entertained.

### MEMORANDUM **

Gualberto Bahena–Carreno appeals from the 36–month sentence imposed following his guilty-plea conviction for attempted entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Bahena–Carreno contends that the district court erred in denying a downward departure for cultural assimilation because the court misapplied the parameters for granting a departure and relied on clearly erroneous facts. The record reflects that Bahena–Carreno did not request a downward departure for cultural assimilation.

The record is clear that the court entertained Bahena–Carreno's arguments as part of its consideration of the 18 U.S.C. § 3553(a) sentencing factors, granted a downward variance based on the staleness of Bahena–Carreno's prior conviction, and explained why a further variance was not warranted. *See United States v. Carty,*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

520 F.3d 984, 991–93 (9th Cir.2008) (en banc).

Bahena–Carreno also contends that his sentence is substantively unreasonable. In light of the totality of the circumstances and the section 3553(a) sentencing factors, the sentence is substantively reasonable. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.